UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERI SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 25-cv-05542 |
| v. ) | |
| ) | Judge April M. Perry |
| SECRETARY OF THE UNITED STATES ) | |
| DEPARTMENT OF HOUSING AND ) | |
| URBAN DEVELOPMENT; MONICA ) | |
| GORDON, Cook County Clerk; COOK ) | |
| COUNTY RECORDER OF DEEDS; ) | |
| UNIVERSAL FINANCIAL GROUP, INC.; ) | |
| and IRA T. NEVEL, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Sheri Smith ("Plaintiff"), proceeding *pro se*, brings this case against the Secretary of the United States Department of Housing and Urban Development ("HUD"), Cook County Clerk Monica Gordon, the Cook County Recorder of Deeds, Universal Financial Group, Inc. and Ira T. Nevel (collectively, "Defendants"). Doc. 1-2 at 2. In the complaint, Plaintiff claims that Defendants violated Plaintiff's statutory and constitutional rights when foreclosing on a property Plaintiff owned. Although the case was filed in state court, it was removed to this Court by the Secretary of HUD. Doc. 1. Plaintiff now moves to remand this case back to state court. Doc. 10. Meanwhile, the Secretary of HUD and the Cook County Clerk move for dismissal of all claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docs. 17, 31. For the following reasons, the motion to remand is denied and the motions to dismiss are granted.

## BACKGROUND

Plaintiff alleges that she held a valid quit claim deed to the property located at 5426 West Congress Parkway, Chicago, Illinois. Doc. 1-2 at 7. Plaintiff's interest in the property was secured when she recorded the quit claim deed with the Cook County Clerk on May 30, 2023. *Id*. at 29. On March 4, 2025, HUD foreclosure commissioner Ira T. Nevel initiated nonjudicial foreclosure proceedings against the property under the Single Family Housing Act of 1994. *Id.* at 33-37. Plaintiff alleges that she never received formal notice of the foreclosure sale and instead discovered it online. *Id.* at 4. In an effort to prevent the foreclosure sale, Plaintiff filed a "petition for declaratory relief, due process violation, and permanent injunction" against Defendants on April 21, 2025, in the Circuit Court of Cook County, Chancery Division. *Id.* at 7. On the same day Plaintiff's lawsuit was filed, the nonjudicial foreclosure sale went forward with HUD as the successful bidder. Doc. 18 at 2. HUD removed the action to this Court on May 19, 2025, pursuant to 28 U.S.C. § 1442(a). Doc. 1-2 at 2.

## LEGAL STANDARD

In deciding a motion to remand, the Court assumes the truth of the factual allegations in the complaint. *Curry v. Boeing Co.*, 542 F. Supp. 3d 804, 808 (N.D. Ill. 2021). A plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand. *Schur v. L.A. Weight Loss Centers, Inc*., 577 F.3d 752, 758 (7th Cir. 2009). The party seeking removal has the burden of establishing that federal jurisdiction over the case is proper. *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (holding removing defendant must demonstrate a "reasonable probability that subject-matter jurisdiction exists").

Motions to dismiss for lack of subject matter jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(1). When a motion to dismiss argues both a lack of subject matter

jurisdiction pursuant to Rule 12(b)(1) as well as other Rule 12(b) defenses, the court should consider the Rule 12(b)(1) challenge first. *See Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). In evaluating a motion to dismiss under Rule 12(b)(1), the court must accept all well-pled allegations as true and draw reasonable inferences in the plaintiff's favor but may look beyond the jurisdictional allegations in the complaint and view whatever evidence has been submitted on the issue. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

Under Federal Rule of Civil Procedure 12(b)(6), a case must be dismissed when a plaintiff fails to state a claim upon which relief can be granted. A 12(b)(6) motion is a challenge to the sufficiency of a complaint, not its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering such a motion, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016). To survive a motion to dismiss, a plaintiff need only include "a short and plain statement of a claim that is plausible on its face and entitles them to relief." *Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022) (internal quotations omitted). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When addressing any of these motions, the Court is mindful of the fact that Plaintiff is proceeding *pro se*. "A document filed *pro se* is to be liberally construed, … and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). At the same time, if a court is "given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research" or try to make up arguments for them. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).

## ANALYSIS

### I. Motion to Remand

The Court begins with Plaintiff's motion to remand, which argues that the complaint presents no basis for federal question or diversity jurisdiction. Doc. 10 at 2. However, the complaint explicitly raises federal questions, alleging violations of the Fifth and Fourteenth Amendments of the U.S. Constitution as well as the Civil Rights Act of 1866. Doc. 1-2 at 8. Therefore, the case could have been removed pursuant to 28 U.S.C. §1441(c), which allows for removal of cases that bring claims arising under the U.S. Constitution or other federal laws.

Additionally, Plaintiff named as a defendant the Secretary of HUD. Doc. 1-2 at 2. A case may be removed when it is brought against the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity for or relating to any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). Suits against a secretary of a federal agency in their official capacity are considered suits against the agency itself. *See Conners v. Wilkie*, 984 F.3d 1255, 1260 (7th Cir. 2021) ("A suit against the [Veterans Affairs] Secretary in his official capacity is a suit against the agency itself…"); *Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 704-05 (7th Cir. 1991) ("The better view is that a suit against an agency administrator is equivalent to a suit against the

4

agency.").[1] Thus, 28 U.S.C. § 1442(a), the statute under which the case was in fact removed, also provides a valid basis for removal, and Plaintiff's motion to remand is denied.

### II. HUD's Motion to Dismiss

The Court next addresses HUD's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Specifically, HUD argues that the derivative jurisdiction doctrine requires dismissal of this case against the Secretary of HUD and foreclosure commissioner Ira T. Nevel because both enjoyed the benefit of sovereign immunity from suit in state court.

The derivative jurisdiction doctrine provides that "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981). The Seventh Circuit has noted that this doctrine constitutes "a procedural bar to the exercise of federal judicial power." *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011). Therefore, "[i]f raised within 30 days [of removal], it results in dismissal without prejudice." *Ricci v. Salzman*, 976 F.3d 768, 774 (7th Cir. 2020).

The Court agrees that neither the Secretary of HUD nor its foreclosure commissioner were properly suable in state court. The United States and its agencies enjoy "sovereign immunity," meaning they cannot be sued without their consent. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). This sovereign immunity extends to federal government officers sued in their official capacities for conduct within the scope of their employment. *Cf. Milbrook v. U.S.*, 569 U.S. 50,

---

[1] When a federal officer seeks to remove a case pursuant to Section 1442(a)(1), the officer must present a colorable federal defense to the claims alleged. *See Mesa v. California*, 489 U.S. 121, 129 (1989). It is an open question whether a federal agency that removes a case pursuant to Section 1442(a)(1) also must demonstrate a colorable federal defense to the plaintiff's claims. *See Thompson v. Army & Air Force Exch. Serv.*, 125 F.4th 831, 834 (7th Cir. 2025). However, courts need not address such complexities when the complaint itself asserts federal law violations, as this complaint does. *See id*.

5

57 (2013) (holding that the Federal Tort Claims Act waives the sovereign immunity that ordinarily applies to federal officers acting within the scope of their employment in limited circumstances). Therefore, both the Secretary of HUD and its foreclosure commissioner are entitled to the benefit of sovereign immunity so long as they were acting within the scope of their authority. *See Frank v. Novad Mgmt. Consulting, LLC*, No. 2:15-CV-05410-SVW-JEM, 2016 WL 6836948, at *2 (C.D. Cal. Mar. 21, 2016) (finding sovereign immunity applies to HUD foreclosure commissioner); *Kennedy Heights Apts., Ltd. I v. McMillan*, 78 F. Supp. 2d 562, 566 (N.D. Tex. 1999) (same).

In this case, the complaint makes clear that the Secretary of HUD and foreclosure commissioner Ira T. Nevel were acting within the scope of their authority when foreclosing upon Plaintiff's property. By statute, the Secretary of HUD possesses authority to "designate a person … to serve as a foreclosure commissioner … for the purpose of foreclosing upon a single family mortgage" on HUD's behalf. 12 U.S.C. § 3754(a). Once designated, "[a] foreclosure commissioner … shall have a nonjudicial power of sale" as to the property in question. 12 U.S.C. § 3754(b). Plaintiff complains that this nonjudicial foreclosure process violated her rights. That said, the nonjudicial process is explicitly authorized by the Single Family Mortgage Foreclosure Act of 1994. *See id*. Given that the complaint does not allege any facts to indicate that either the Secretary of HUD or foreclosure commissioner acted outside of their statutory authority, both were entitled to sovereign immunity from suit in state court.

Plaintiff contests that HUD and its officers have waived their sovereign immunity, citing 12 U.S.C. § 1702. The relevant portion of Section 1702 states that the Secretary of HUD "shall, in carrying out the provisions of this subchapter and subchapters II, III, V, VI, VII, VIII, IX-B, and X, be authorized, in his official capacity, to sue and be sued in any court of competent

jurisdiction, State or Federal." 12 U.S.C. § 1702. The flaw in Plaintiff's argument is that the cited subchapters are all part of the National Housing Act. Thus, Section 1702's waiver is limited by its own terms to causes of action relating to HUD's exercises of power under the National Housing Act. The waiver does not apply to causes of action involving HUD's exercises of power under other statutes. *See, e.g.*, *Echemendia v. Gene B. Glick Mgmt. Corp.*, No. 1:05-CV-53-TS, 2005 WL 8169549, at *4 (N.D. Ind. Oct. 25, 2005) (holding that "the 'sue and be sued' clauses of 12 U.S.C. § 1702 and 42 U.S.C. § 1404a do not apply to civil rights actions against HUD.") [2] In this case, Plaintiff complains of HUD actions undertaken pursuant to the Single Family Mortgage Foreclosure Act, not that National Housing Act. Therefore, Section 1702's waiver of immunity does not apply.

Because they were entitled to sovereign immunity from suit in state court and there was no applicable waiver of that immunity, the Secretary of HUD and foreclosure commissioner were not properly suable in state court. As this Court's jurisdiction is derivative of the jurisdiction of the state court, this suit is procedurally barred. HUD properly raised this issue within 30 days of removal, and therefore HUD's motion to dismiss pursuant to 12(b)(1) is

---

[2] A court in this district has held that Section 1702 waives HUD's sovereign immunity for claims under 42 U.S.C. § 1982. *See Thomas v. Butzen*, No. 04-C-5555, 2005 WL 2387676, at *3 (N.D. Ill. Sept. 26, 2005). The court in *Thomas* relied upon *Baker v. F & F Inventory Co.*, 489 F.2d 829, 833 (7th Cir. 1973) in reaching this decision. *Id.* Despite acknowledging that *Baker* had been overruled in part, *Thomas* found that its holding relating to Section 1982 remained "the law of this circuit." *Id.* To the extent *Baker* is still binding precedent, this court would adopt a narrower reading of *Baker* than the *Thomas* court. *Baker* involved allegations that HUD engaged in discriminatory practices relating to its administration of programs under the National Housing Act itself. *See Baker*, 489 F.2d at 832-33. This would support the conclusion that Section 1702 waives HUD's sovereign immunity for claims under 42 U.S.C. § 1982 only to the extent the alleged discriminatory conduct occurred in carrying out the specified subsections of the National Housing Act. A blanket waiver of all Section 1982 claims against HUD contradicts the plain language of Section 1702 as well as the rule that waivers of immunity are to be construed narrowly in favor of the sovereign. *See Bd. Of Regents of Univ. Of Wisconsin Sys. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 470 (7th Cir. 2011); *see also Echemendia v. Gene B. Glick Mgmt. Corp.*, No. 1:05-CV-53-TS, 2005 WL 8169549, at *4 n.1 (N.D. Ind. Oct. 25, 2005) (declining to consider *Baker* binding precedent because it was decided before *United States v. Nordic Village*, 503 U.S. 33 (1992), which held that waivers of sovereign immunity for monetary damages must be clear and unambiguous).

granted and Plaintiff's claims against the Secretary of HUD and foreclosure commissioner Ira T. Nevel are dismissed without prejudice.

If Plaintiff intends to file a new cause of action in federal court against the Secretary of HUD or foreclosure commissioner Ira T. Nevel, she should consider the following: First, to the extent Plaintiff seeks return of property now owned by the United States, any claim that "require[s] resolution of a disputed claim to real property in which the United States claims an interest" must be brought under the Quiet Title Act. *Shawnee Trail Conservancy v. U.S. Dep't of Agric.*, 222 F.3d 383, 388 (7th Cir. 2000) (affirming dismissal of constitutional challenge that would require resolution of a disputed claim to real property for lack of subject matter jurisdiction). Second, to the extent Plaintiff seeks damages from the United States for a Fifth Amendment taking, any suit seeking more than $10,000 must be brought under the Tucker Act, 28 U.S.C. § 1491(a)(1), in the Court of Federal Claims. *Eisenberg v. U.S. Dist. Ct. for Southern Dist. Of Illinois*, 910 F.2d 374, 376 (holding that the Tucker Act provides "a complete remedy" for Fifth Amendment just-compensation claims). Takings claims seeking less than $10,000 are governed by the "Little Tucker Act", 28 U.S.C. § 1346(a)(2), which provides federal district courts and the Court of Federal Claims with concurrent jurisdiction. Any new case must be filed as a separate case from this one, to avoid the aforementioned derivative jurisdiction problems.

### III. Cook County Clerk's Motion to Dismiss

The Court next addresses the Cook County Clerk's[3] motion to dismiss, which was ostensibly brought pursuant to Rules 12(b)(1) and 12(b)(6). However, given that the motion

---

[3] Plaintiff names both Cook County Clerk Monica Gordon and the Cook County Recorder of Deeds as defendants. Since the Cook County Clerk has assumed all duties and responsibilities of the Recorder of Deeds, the court addresses them together as the "Cook County Clerk." *See* Cook County Ord. No. 20-4415, 12-17-2020.

included no argument or analysis related to Rule 12(b)(1), the Court will focus solely on the 12(b)(6) grounds for dismissal.

The complaint asserts federal claims against the Cook County Clerk for unconstitutional deprivations of property without due process in violation of the Fifth and Fourteenth Amendments and the Civil Rights Act of 1866. To properly state a procedural due process claim, a plaintiff must establish: (1) a deprivation of a protected liberty or property interest; and (2) that the deprivation occurred without due process. *Smith v. Garland*, 103 F.4th 1244, 1255 (7th Cir. 2024). It is unclear based upon the allegations in the complaint how the Cook County Clerk deprived Plaintiff of a property interest. In her opposition to the motion to dismiss, Plaintiff explained that the Cook County Clerk harmed Plaintiff by properly recording the initial quit claim deed conveying interest in the subject property to Plaintiff, but refusing to record a subsequent deed from Plaintiff to Plaintiff's trust because the Cook County Clerk required a "full payment certificate that HUD ensured Plaintiff could not get." Doc. 34 at 2.

Accepting all of the alleged facts as true, Plaintiff has not stated a plausible due process violation against the Cook County Clerk. In Illinois, a home rule municipality may impose a tax on the transfer of an interest in real estate. *See* 65 Ill. Comp. Stat. 5/8-3-19(a). The City of Chicago is a home rule municipality and has various requirements before it will issue a property transfer tax stamp, including a "full payment certificate" issued by the Comptroller indicating that certain utility fees have been paid on the property. *See* Chicago Municipal Code § 11-12-530. When a home rule municipality does not issue a property tax transfer stamp, state law prohibits the Cook County Clerk from recording a transfer. *See* 55 Ill. Comp. Stat. 5/3-5021. For these reasons, the Cook County Clerk was prohibited by law from recording Plaintiff's second deed unless she presented them with the proper documentation. Given that Plaintiff

acknowledges she did not have the proper documentation, Plaintiff has not plausibly alleged a due process violation claim against the Cook County Clerk. *Cf. Snyder v. King*, 745 F.3d 242, 247 (7th Cir. 2014) (finding that a municipality cannot be the proximate cause of a constitutional injury when "the only local government 'policy' at issue is general compliance with the dictates of state law.").

Plaintiff's remaining federal claims under the Civil Rights Act of 1866 fail as well. Claims under the Civil Rights Act of 1866 may be brought pursuant to 42 U.S.C. § 1981 or 42 U.S.C. § 1982. *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). To bring such claims, Plaintiff must plausibly allege that (1) she is a member of a racial minority; (2) the defendant intended to discriminate against her on the basis of her race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, namely, the making and enforcing of a contract (for Section 1981) or the sale or lease of real property (for Section 1982). *Id.* But nowhere in the complaint or any subsequent filing does Plaintiff plausibly allege that the Cook County Clerk intended to discriminate against Plaintiff because of her race. In fact, as stated previously, the Cook County Clerk had no discretion under state law to record a property transfer without the municipal transfer tax stamp. Therefore, Plaintiff's Civil Rights Act claims must be dismissed. *See Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982) ("[T]he plaintiff must allege some facts that demonstrate that his race was the *reason* for the defendant's inaction.")

To the extent Plaintiff has attempted to allege state claims against the Cook County Clerk, the Court similarly finds them implausibly pled.[4] Several of Plaintiff's complaints involve certain court-related filings not having been docketed, which would implicate the Clerk of the Circuit Court of Cook County. The Clerk of the Circuit Court of Cook County is a different

---

[4] The complaint at various points alleges that Plaintiff was defrauded, but does not contain any of the specificity required by Federal Rule of Civil Procedure 9(b).

person from the Cook County Clerk and has not been named as a defendant in this action. For these reasons, the Cook County Clerk's motion to dismiss is granted and all claims against the Cook County Clerk are dismissed without prejudice.

### IV. Screening of Claims Against Universal Financial Group, Inc.

Finally, the Court proceeds to screen the complaint as it pertains to defendant Universal Financial Group, Inc.[5] *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). When screening a complaint to determine whether it states a claim, the court applies the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

The complaint in this case contains no allegations pertaining to Universal Financial Group. Despite the Court's duty to interpret a *pro se* plaintiff's allegations broadly, a plaintiff cannot state a claim against a defendant merely by including the defendant's name in the case caption. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Moreover, the documents that Plaintiff attached to the complaint do not demonstrate any plausible basis for relief against Universal Financial Group. Those documents show that Universal Financial Group held a mortgage on the subject property at the time it was owned by a previous owner and assigned that mortgage to HUD in 2015. Doc. 1-2 at 33. The mortgage assignment took place eight years before Plaintiff secured her interest in the property by recording her quit claim deed. Doc. 1-2 at 29.[6] Given that the only evidence related to Universal Financial Group indicates that its

---

[5] Universal Financial Group, Inc. has not answered or otherwise appeared in this lawsuit, but there is no indication on the docket that they were ever properly served.

[6] The Court takes judicial notice of the fact that the Cook County Clerk's website shows that HUD's mortgage assignment was recorded in 2015.

involvement with the property ceased a decade prior to the HUD foreclosure sale which serves as the basis for this suit, the Court does not perceive any plausible claim against Universal Financial Group. Based upon this, the complaint is dismissed as to Universal Financial Group.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to remand and grants HUD's motion to dismiss, dismissing all claims against the Secretary of HUD and Ira T. Nevel without prejudice. Any subsequent pleading against these defendants must be brought in a separate case. The court also grants the Cook County Clerk's motion to dismiss without prejudice and dismisses the case against Universal Financial Group Inc. without prejudice. To the extent Plaintiff believes she can re-plead plausible claims against these defendants, an amended complaint must be filed by March 19, 2026. Any amended complaint must stand independent from any previous filings, setting forth a short and plain statement of Plaintiff's claim to relief.

Dated: February 17, 2026

                                                                                     APRIL M. PERRY
                                                                                     United States District Judge